## Cleveland, C. C. & St. L. Ry. Co. v. Perishow & Newman.

1. RAILROADS—*Liability for Failure to Furnish Cars.*—Where a railroad company engages to furnish a car for the shipment of stock, and fails to do so, it is liable for damages.

2. SAME—*Tender of Freight Charges in Advance Not Necessary.*— Where a person contracts with a railroad company for a car in which to ship stock by a certain time, he will not be precluded from recovering damages for the failure to furnish the car, because he did not tender to the company the freight charges in advance.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

NEAL & WILEY and GEORGE F. McNULTY, attorneys for appellant.

HUGHES & HAYES, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Suit by appellees to recover damages for failure of appellant company to provide car and transport 250 sheep from Charleston, Ill., to Cleveland, Ohio, with reasonable dispatch.

The case was submitted to a jury without instructions as to the law. Whether the evidence is sufficient to support the verdict, is the sole question presented.

Counsel for appellant, in their brief, state following grounds for reversal, to wit:

The plaintiffs below have failed to prove:

First. That the railway ever contracted to furnish a double-deck car by Wednesday evening, or at any stated time.

Second. They failed to prove, if this car had been furnished on the day or evening they requested, that the sheep would have reached Cleveland Friday, but, on the contrary, proved it was very likely they would have reached Cleveland Saturday, and been sold for the same price they brought Tuesday.

Third. They failed to prove there was any difference in the market price of *these sheep* at Cleveland, Friday and Tuesday.

Fourth. They proved that by paying $16 extra freight, all claim of loss would have been avoided.

Fifth. They failed to prove they tendered the freight charges, or were ready to tender them.

We will notice these points in order:

First. It appeared the agent advised the appellees, cars would be provided on twenty-four hours' notice.

They notified him Tuesday morning they desired to ship the sheep Wednesday evening.

He ordered a double-deck car, the proper car for the purpose, and the jury was fully warranted in finding, from the language and conduct of the agent, an assurance the car would be ready on Wednesday.

Appellees brought the sheep and presented them for shipment Wednesday afternoon. The car did not come in the train as expected, nor during the night of Wednesday.

Thursday afternoon, no car having arrived, the stock, at the suggestion of appellant's station agent, was driven by appellees to the country, there to be kept until a car could be obtained.

Saturday the car was received and the stock shipped.

The jury were justified in finding a contract to provide car by Wednesday evening, and that appellant failed to provide a suitable car in reasonable time.

Either finding would answer the demands of the law.

Second. A freight train leaving Charleston Wednesday afternoon, would, if running upon schedule time, bring stock into Cleveland in time for the market on Friday.

It was proved such trains, at times, did not reach Cleveland until Saturday morning. But such delay was exceptional and due to adverse circumstances, only occasionally intervening. The jury were authorized in acting upon the theory the train would move upon schedule time, as the evidence developed nothing indicating exceptional conditions.

Third. The sheep arrived on Tuesday. The market price of sheep generally was lower then than on Friday by fifty-five cents on the hundred pounds.

The proof showed the sheep were sold at the prices current on Tuesday, and the conclusion that appellees were damaged accordingly, inevitably arose. The court ruled correctly as to the admissibility of the evidence as to the prices on Tuesday.

There is no force in the suggestion appellees' sheep may have been of a grade or class not affected by the general fall in prices, because there is an entire absence of testimony on which to ground it.

Fourth. The suggestion was made by the agent on Thursday that appellees might ship the sheep in two single-deck cars by paying extra freight charges to the amount of $16. It is argued their damages could not exceed that sum. Had they adopted the suggestion the stock could not have arrived in market before Saturday, and the proof shows the market price on that day was same as on Tuesday. Therefore the damages would not have been lessened had the single-deck cars been used.

Fifth. Even in cases where it is sought to enforce the infliction of statutory penalties against a railroad company for failing or refusing to receive or to transport property within a reasonable time, it is not essential the freight charges should be paid or tendered unless payment is demanded. Sec. 84, Chap. 114, R. S.

Certainly no more stringent rule should prevail when the action is to recover damages actually sustained.

In the case at bar the company received the stock for shipment without demanding payment of freight charges, and transported it, but failed to provide a car in reasonable time, from which damages accrued.

Recovery of damages for such failure can not be denied upon the ground that freight charges were not tendered or even never paid.

There is no reason for interference upon our part with the judgment. It is affirmed.